**UNITED STATES of America, Plaintiff**

**v.**

**14.36 ACRES OF LAND IN MCMULLEN COUNTY, TEXAS; Dale Crenwelge; et al., Defendants.**

**No. CIV.A. L–01–94.**

United States District Court, S.D. Texas, Laredo Division.

Oct. 9, 2002.

Charles Wendlandt, Jr, Assistant U.S. Atty, Corpus Christi, TX, for United States of America, plaintiff.

Corbin L Snow, San Antonio, TX, for Dale Crenwelge, Abbie Higgins Crenwelge, defendants.

A A Jack Ross, IV, Matthews & Branscomb, San Antonio, TX, for Farm Credit Bank of Texas, defendant.

Priscilla Marie Hubenak, Office of Attorney General, Austin, TX, for State of Texas, defendant.

*Memorandum and Order*

KAZEN, Chief Judge.

Pending is a Motion for Partial Summary Judgment by the United States. (Docket # 28). For reasons hereinafter discussed, the motion is DENIED.

The present action commenced on June 21, 2001 when the United States filed a Declaration of Taking pursuant to 40 U.S.C. § 258a, the subject of which is 14.36 acres of land owned by Defendants Dale and Abbie Crenwelge. The primary issue in this litigation is whether the Defendants are entitled to compensation based on reduction in value of a 964.14 acre tract owned by the Defendants individually, and to which the 14.36 acres being taken belongs, or rather to compensation based on reduction in value of a larger tract of 2,218.31 acres, consisting of the 964.14 acre tract owned by the Defendants and an abutting 1,254.17 acre tract owned by Austin Mini–Storage, Inc. Dale Crenwelge is the sole shareholder of that corporation.

On October 5, 1994, Austin Mini–Storage, Inc. obtained, by deed, a 1,254.17 acre parcel in McMullen county, Texas. On October 16, 1996, Dale and Abbie Crenwelge obtained, by deed, the abutting 964.14 acre tract. All parties agree that both tracts have been used as a single ranch for the purposes of raising cattle and also for hunting. It is also undisputed that Dale and Abbie Crenwelge own the 964.14 acre tract in fee simple and that Austin Mini–Storage, Inc. owns the 1,254.17 acre tract in fee simple.

The subject 14.36 acre tract has been leased to the United States Navy since 1965. Beginning in the summer of 2000, the United States Navy began to conduct appraisals of both the 964.14 acre tract and the 1,254.17 acre tract for the purpose of determining just compensation for the Defendants in the event the United States exercised its power of eminent domain. For purposes of these appraisals, both the 964.14 acre parcel and the 1,254.17 acre parcel owned by Austin Mini–Storage, Inc.

were treated as one entity, although the United States has subsequently taken the position that this treatment was erroneous. On June 21, 2001, the United States filed a Declaration of Taking and deposited the sum of $10,100 in the registry as just compensation for the Defendants.

On July 8, 2002, the United States moved for partial summary judgment on the ground that the two abutting parcels at issue cannot be treated as a single unit. Therefore, it maintains that the Defendants are not entitled to diminution in value of a 2,218.31 acre parcel, but rather, only of the 964.14 acre parcel. The Defendants filed their response on August 15, 2002. (Docket # 31).

■ Plaintiff and Defendants agree that three factors are generally used to determine the size of the parent tract when calculating severance damages following a partial taking. These factors are physical unity, unity of use, and unity of ownership. *See United States v. 8.41 Acres of Land*, 680 F.2d 388, 393 (5th Cir.1982). Of these three factors, Plaintiff and Defendants agree that physical unity and unity of use are present in this case at bar. Their dispute pertains to the factor of unity of ownership, specifically, how strictly or literally to interpret this factor.

■ It is an elemental legal proposition that a corporation is a separate legal entity, distinct from any of its owners. "The corporate owner/employee, a natural person, is distinct from the corporation itself, a legally different entity with different rights and responsibilities due to its different legal status." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 121 S.Ct. 2087, 2091, 150 L.Ed.2d 198 (2001). Both sides cite decisions from various jurisdictions, some applying a strict test and some applying a more flexible test. This Court has been unable to find any authority directly on point from the Fifth Circuit Court of Appeals, and no

such authority has been cited by the parties. The Government does invoke the decision in *Gossett v. State of Texas*, 417 S.W.2d 730 (Tex.Civ.App.—Eastland, 1967, writ ref'd n.r.e.), which observed that "...a corporation is an entity separate and apart from its stockholders and ownership of stock in a corporation having title to property is not the same as individual ownership by such stockholders." *Id.* at 735. *Gossett* was decided over 35 years ago but, more importantly, federal substantive law, not state law, controls in a federal condemnation case. *United States v. Miller*, 317 U.S. 369, 63 S.Ct. 276, 283, 87 L.Ed. 336 (1943). The federal case most frequently cited for a more flexible interpretation of "unity of ownership" is *United States v. 429.59 Acres of Land*, 612 F.2d 459 (9th Cir.1980). That court, partially relying on *Miller*, concluded that a parcel of land "used and treated as an entity shall be so considered in assessing compensation for the taking of part or all of it," and the fact that the land is "owned by different entities does not destroy the unity concept." *Id.* at 463–64.

■ The leading treatise in the field discusses at great length the split of authority on this issue and the rationales invoked for both views and concludes that, "the current trend seems to allow severance damages even if the tract is owned by different persons, so long as there is a sufficiently close relationship between the owners." Julius L. Sackman, *Nichols on Eminent Domain* § 12.02[1] (rev.3d ed.2001). The treatise then offers these policy reasons to support the more flexible view:

The thrust of the argument favoring a finding of unity of ownership is that the parcels are being used in unity, both as to operation and control thereof. In short, the buyer in the marketplace could readily acquire both parcels from

the same operative vendors, exercising the same business judgment in the transaction. The individual owners would be highly unlikely to be willing to sell their individually owned property at a lower price, because they had exercised their powers to control the acts of a corporate vendor in refusing to sell the corporate property and thus, driving down the individually owned value of the personally owned parcel. The economic realities of the marketplace simply do not produce those kinds of results.

Just compensation has historically been measured by the equivalent in dollars of what the condemnee could attain in the marketplace, offering the property for sale with the ability to convey title. Clearly, two individuals owning Parcel A who own 100 percent of the stock of Parcel B owned in corporate form, are perfectly capable of conveying title to both parcels by the exercise of their business judgment and any buyer negotiating with then to purchase that property would be well aware of that fact. To urge corporate law principles which negate the piercing of a corporate veil, to deny the working affects of the marketplace, does not stand in the face of the mandate of just compensation.

*Id.* at § 14B.06[2]. The Court is persuaded that this flexible view is more consistent with the goal of just compensation for what is in all other respects a unified tract of land. Accordingly, Defendant's motion for summary judgment is DENIED. Defendants' response suggest that the intervention of Austin Mini–Storage, Inc. would be appropriate. The Court agrees. That party should file a formal intervention no later than October 17, 2002.